Wanda SELLERS; and City and County of Denver, State of Colorado, a municipal corporation and county of the State of Colorado, Plaintiffs-Appellants,

v.

BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF JEFFERSON, State of Colorado, Marjorie E. Clement, James E. Martin, and Walt Tomsic, Defendants-Appellees.

No. 83CA0594.

Colorado Court of Appeals, Div. II.

May 10, 1984.

## 510

Robert L. Kessler, Englewood, Susan E. Burch, Denver, for plaintiffs-appellants.

Patrick Mahan, County Atty., Cile Pace, Asst. County Atty., Golden, for defendants-appellees.

STERNBERG, Judge.

Plaintiffs filed a petition pursuant to § 30–6–105, et seq., C.R.S. (1977 Repl.Vol. 12) with the Jefferson County Board of County Commissioners (Board) on September 7, 1982. The petition, dated November 7, 1980, contained the signatures of some 1,052 taxpayers and requested that the Board submit to the Jefferson County voters, at the general election scheduled on November 2, 1982, the question of removing certain property from Jefferson County and annexing it to the City and County of Denver.

Maps and a legal description of the property in question were attached to the petition and were incorporated in it by reference. Section 30–6–105 requires the deposit of money to cover the costs of surveying and platting the property. The plaintiffs requested waiver of that requirement asserting that the map and legal description attached to the petition accurately delineated the property to be detached. Accordingly, they made no deposit.

On September 23, 1982, the Board by resolution refused to place the question on the November ballot, noting that the petition was not timely filed and that the plaintiffs had not deposited the requisite funds as required by § 30–6–105. Plaintiffs sought review in the district court pursuant to C.R.C.P. 106(a)(4), C.R.C.P. 57, and §§ 30–6–105 through 30–6–109.

The district court dismissed the action, holding that the petition was not timely filed as required by §§ 30–6–105 and 1–1–109, C.R.S. (1983 Cum.Supp.). We agree with that ruling and thus, on plaintiffs' appeal, affirm.

The relevant portion of § 30–6–105 provides:

"When a majority of the taxpaying electors residing in that portion of the territory of any county proposed to be stricken off and annexed to an adjoining county shall petition the board of county commissioners of the county in which such territory is situate to have such portion stricken off and annexed to the adjoining county ... it is the duty of the said commissioners ... to cause to be submitted· to the electors of such county at the *general election next after the filing of such petition* and plat with them, the question whether such portion of the territory of their county shall be so stricken off." (emphasis added)

The court concluded that the provisions of § 1–1–109(3), C.R.S. (1983 Cum.Supp.) govern § 30–6–105 as to the timeliness of the filing of this petition. The pertinent portion of § 1–1–109(3) provides:

"Each political subdivision requesting that its election be held at the same time and place as any ... general ... election shall certify to the county clerk and recorder the ballot content *prior to the sixtieth day before the election.*" (emphasis added)

In short, the court concluded, the Board was required to notify the county clerk and recorder of its intention to place this issue on the ballot prior to the 60th day before the November 2, 1982, general election. Here, the petition was not filed until September 7, 1982, less than 60 days prior to the November 2 general election, thus making it impossible for the Board to comply with the provisions of § 1–1–109(3).

Plaintiffs concede that their petition "may" not have been timely filed, but contend that the Board should have acted promptly and submitted the petition so that the clerk and recorder could have exercised whatever discretion was necessary to determine if the petition should have been held over until the next general election following the November 2 election. However, we agree with the district court that the county clerk and recorder had no such

discretion. Section 30–6–105 provides that the Board is to submit the petition to the voters at the *next* general election after the filing of the petition, which would have been November 2, 1982. The statute is silent about subsequent elections. And, the language of the notification requirement of § 1–1–109(3) is mandatory in nature. Thus, the board was without discretion to shorten the notice period.

Thus, the district court was correct in ruling that the Board could not abuse discretion it did not have, and that plaintiffs had not stated a claim pursuant to C.R.C.P. 106(a)(4).

Having so ruled, we find it unnecessary to discuss plaintiffs'. other contentions of error.

The judgment is affirmed.

PIERCE and SMITH, JJ., concur.